UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY A. COLE,<br><br>                      Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC,<br><br>                      Defendant. | Case No.: 3:17-cv-2514-L-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ATTORNEYS' MOTION FOR ATTORNEYS' FEES AND COSTS [ECF No. 11]** |

      Pending before the Court is Plaintiff Kelly A. Cole's Attorneys' (hereafter "Counsel") motion for attorney's fees and costs. Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Counsel's motion.

//
//
//
//
//
//

1

**I. BACKGROUND**

This case concerns an alleged violation of the Fair Debt Collection Practices Act ("FDCPA")[1] in which Defendant Mercantile Adjustment Bureau, LLC ("Defendant") called Plaintiff's cell phone on September 7, 2017 attempting to collect a debt after Plaintiff retained the legal services of Hoffman & Forde, Attorneys at Law. *See* ECF No. 1. Plaintiff alleged that Defendant received written communication requesting all future communication regarding Plaintiff's debt (including calls to her cellular phone) be directed to Hoffman & Forde. *See id.*

Plaintiff filed her Complaint on December 15, 2017. ECF No. 1. On February 5, 2018, Defendant filed its motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 12(e) of the Federal Rules of Civil Procedure. ECF No. 6. The next day, Plaintiff filed a Notice of Acceptance of Defendant's Rule 68 Offer of Judgment under the Federal Rules. ECF No. 7. Specifically, Plaintiff accepted a judgment in her favor against Defendant in the amount of $2,001.00 (two thousand and one dollars), plus reasonable costs and attorneys' fees. *See id.* As contemplated in the Rule 68 offer, Plaintiff filed the instant motion for a determination of reasonable costs and attorneys' fees on February 22, 2018 as the parties could not reach an agreement. ECF No. 11. Plaintiff filed her response in opposition on March 12, 2018. ECF No. 17. On May 25, 2018, the Court dismissed without prejudice Plaintiff's Complaint for lack of subject matter jurisdiction. ECF No. 22. The same day, Plaintiff filed an amended complaint. ECF No. 23.

Due to the Court's prior dismissal pursuant to Rule 12(b)(1), the docketing clerk removed the pending status of the instant motion. Due to the Court's oversight, the instant motion was not addressed. As such, the Court addresses the instant motion below.

---

[1] Plaintiff specifically alleges that Defendant called her regarding an alleged debt, on September 7, 2017, in violation of 15 U.S.C. § 1692(c), which incorporates the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") through Cal. Civ. Code § 1788.17. ECF No. 1 at ¶ 26.

2

3:17-cv-2514-L-WVG

## II. DISCUSSION

An individual is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court" when that individual prevails in a FDCPA or an RFDCPA action. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). A court has broad discretion in determining the amount of a reasonable attorney fee. *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010). However, "a court must specifically explain the reasons for a reduction of the requested fees by more than 10%, such explanation need not elaborate as long as it is clear." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111-12 (9th Cir. 2008).

In the Ninth Circuit, the "lodestar" method is the mandatory method of calculating attorney's fee awards. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001); *see also Caudie v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). "The 'lodestar' method is calculated by multiplying the number of hours the prevailing party reasonably expended by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). A party seeking attorney's fees must document the hours expended during the litigation and must submit evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Notwithstanding, a court may exclude from the fees requested any hours that are "excessive, redundant, or otherwise unnecessary. . ." *Id.* at 434. A court must also determine the reasonable hourly rate in light of "the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Usually, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases…are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). In addition to using the lodestar method, the Ninth

Circuit instructs district courts to also examine the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), that it finds relevant to determine if the lodestar figure should be adjusted. *McGrath v. Cty. of Nevada*, 67 F.3d 248, 252-53 (9th Cir. 1995).

A court should weigh the following factors when evaluating the reasonableness of an attorney's fee award:

> "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client of the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)(citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

a. **Lodestar Method**

Plaintiff contends that the $8,664.50 attorneys' fee award is reasonable and should be awarded. ECF No. 11-1 at 12-16. Both attorneys Matthew M. Loker and Daniel Forde have charged $495.00 per hour for their services in this litigation, while attorney Elizabeth A. Wagner has charged $200.00. *See* ECF no 11-1 at 13. In support of their rates, Plaintiff's counsel attached an excerpt from the 2015-16 United States Consumer Law Attorney Fee Survey Report [ECF No. 11-14], the declaration of Clark Ovruchesky, Esq. [ECF No. 11-15], the declaration of Nicholas J. Bontrager, Esq. [ECF No. 11-16], and the declaration of Wayne A. Sinnett, Esq. [ECF No. 11-17] in support of counsel's hourly rates. The survey states that the median rate for "Attorneys Handling Credit Rights Cases [including FDCPA cases]" in San Diego, California is $375 dollars. *See* ECF No. 11-14 at 42. Together, the declarations of three consumer litigation attorneys who practice in the Southern District of California concur that each attorney's rate is reasonable based on their experience and expertise. Defendant's counsel does not contest Plaintiff's counsel

requested rate in its opposition to the instant motion. As such, the Court finds that the median San Diego market rate ($375) is reasonable for attorneys Loker and Forde based upon the work required during this litigation. The Court further finds that attorney Wagner's reduced rate ($150) is reasonable based upon the evidence.

Defendant however contests the hours requested by Plaintiff's counsel. *See* ECF No. 17. As stated above, Plaintiff's requests an $8,664.50 attorneys' fee award, which represents that 18.3 hours, in total, were spent on this litigation among three attorneys (Matthew M. Loker – 14.9 hours, Elizabeth A. Wagner – 1.0 hour, and Daniel Forde – 2.20 hours). ECF No. 11-1 at 13. Plaintiff contends that the number of hours expended on this litigation was reasonable. *Id.* at 12-13. In support of that contention, counsel concurrently submitted "detailed Time Sheets" as exhibits. *See* ECF Nos. 11-12, 11-13. The Kazerouni Law Group's ("KLG") Time Sheet revealed that attorney Elizabeth Wagner spent one (1) hour on this case from January 30, 2018 to February 20, 2018.[2] ECF No. 11-12 at 2. The KLG Time Sheet also reveals that attorney Matthew Loker only spent 4.7 hours on this case before the Rule 68 Offer of Judgment was accepted by Plaintiff. *Id.* After judgment was entered in this case, attorney Loker spent 0.60 hours discussing the status of the case and fees with Plaintiff and attorney Forde, respectively. *Id.* at 2-3. Surprisingly, attorney Loker spent 9.4 hours writing the instant motion, for which he expects Defendant to pay. *Id.* at 3. In addition, the Court's review of attorney Forde's Time Sheet reveals that all of the hours spent in this litigation occurred prior to Plaintiff's acceptance of the Rule 68 Offer of Judgment. *See* ECF No. 11-13. The majority of attorney Forde's work consisted of calling Defendant regarding the alleged debt and corresponding during Plaintiff's cease and desist litigation. *See id.*

Here, the hours Plaintiff's counsels' spent on this litigation and the corresponding cease and desist litigation was not reasonable. Defendant contends that attorney Wagner's

---

[2] The timesheet also shows that Plaintiff was only charged $150 for attorney Wagner's legal services despite their instant request for $200 per hour. *See* ECF No. 11-12 at 2.

5

work was exclusively clerical. ECF No. 17 at 6-7. However, not all of the tasks attorney Wagner completed were clerical (i.e. calling Plaintiff to provide status of the case and editing the instant motion). *See* ECF No. 11-12 at 2. Notwithstanding, the Court reduces the amount of hours expended by attorney Wagner to the extent the work could have been performed by a paralegal. As such, attorney Wagner's fee request is reduced by 0.40 hours.

Defendant also contends that attorney Forde's work is not recoverable as he was not counsel of record in this case and all of his work was performed prior to Plaintiff filing a complaint. ECF No. 17 at 6. The Court disagrees. Attorney Forde's work was integral as the foundation of Plaintiff's FDCPA claim, so it is reasonable for the Court to include Forde's work in its lodestar calculation. Nonetheless, the Court finds that 0.3 of the hours attorney Forde claims to have spent calling Defendant were excessive. Forde's Time Sheet states that he left messages with Defendant on both September 8, 2017 and September 11, 2017 but spent 6 more minutes leaving a singular message on September 11, 2017 than the earlier call. Also, attorney Forde claims to have called Defendant on September 15, 2017 to request proof of collectability but failed to keep record of who he spoke with in the same manner he did on other calls. As such, the Court finds that these 0.3 hours expended have not been sufficiently supported by evidence.

Defendant argues that Plaintiff's fee award "shocks the conscience" because this is "such a flimsy case." ECF No. 17 at 4-5. This argument, though having some merit, is a bit overstated. The Court notes that Defendant's counsel offered attorney Loker $1,499 for attorneys' fees and costs on February 6, 2018. At that point, attorney Loker had already expended approximately 4.7 hours ($2,316.50 by his calculation) on this case. Thus, it was reasonable for attorney Loker to reject Defendant's counsel's offer at that time. It was also reasonable for attorney Loker to confer with attorney Forde regarding his fees and give Plaintiff a case update before declining Defendant's second offer of $1,999 for attorney's fees and costs on February 13, 2018; therefore, the 0.6 hours expended performing such tasks were reasonable. However, the Court finds it unnecessary and excessive for attorney Loker to spend twice the amount of time writing an attorney's fees motion than he did

6

3:17-cv-2514-L-WVG

litigating this case *before* Plaintiff accepted the Rule 68 Offer of Judgment. As such, the Court reduces attorney Loker's hours spent on working on the instant motion to four (4) hours as the total hours expended still includes the first two days attorney Loker worked on the petition and the time attorney Wagner spent editing the work. Moreover, neither this litigation nor the attorney's fees negotiation was so novel or complex that it would require extensive labor for an attorney with the wealth of experience attorney Loker claims to craft a garden-variety attorney's fees motion. Therefore, the Court reduces attorney Loker's hours down 5.4 hours.

Accordingly, the Court finds that attorney Wagner reasonably expended 0.6 hours, attorney Forde reasonably expended 1.9 hours, and attorney Loker reasonably expended 9.3 hours on this case. Therefore, the modified lodestar amount is now $4,290.

**b.** *Kerr* **Factors**

Plaintiff's counsel contends that review of the *Kerr* factors confirms that Plaintiff's attorney's fees request is reasonable. ECF No. 11-1 at 16-24. The Court does not agree.

<u>Time and Labor Required</u>

Counsel asserts that counsel expended 18.3 hours during this litigation, "not including the hours spent writing the instant motion." ECF No. 11-1 at 17. After the review of the KLG Time Sheet, the Court finds that this assertion completely misstates the time and labor spent in this litigation. Prior to receiving Defendant's Rule 68 offer on February 5, 2018, attorney Loker had spent only 1.8 hours on this litigation and drafting the initial complaint was the only substantive work he completed.[3] The Court noted earlier that Defendant's counsel offered attorney Loker $1,499 for attorneys' fees and costs on February 6, 2018. Defendant also made a second offer of $1,999 for attorney's fees and costs on February 13, 2018. From review of attorney Loker's timesheet, the Court infers that review of Defendant's motion to dismiss occurred after counsel received the Rule 68

---

[3] The Court dismissed the original complaint for lack of subject matter jurisdiction on May 25, 2018. *See* ECF No. 22.

offer. Thus, it is arguable that counsel unnecessarily padded this time spent on the case after Defendant offered to settle the case for double what the Plaintiff sought in monetary relief. As such, the limited time spent in litigation prior to receiving the Rule 68 offer and Plaintiff's exaggeration of counsel's efforts weigh against the requested award.

### Novelty and Difficulty of the Questions Involved

By counsel's own admission, "[t]his case involved simple questions of law that resulted in a settlement early on in the case." ECF No. 11-1 at 17. In light of the amount sought, this factor weighs against finding that the requested award reasonable.

### Skill Requisite to Perform the Legal Service Properly

Counsel contends that settlement resulted early in this case largely due to his skill in the area of consumer protection law. ECF No. 11-1 at 17. Yet, counsel fails to present any evidence demonstrating that Defendant willingness to make a Rule 68 offer resulted from his expertise in the law. Therefore, the Court finds this factor weighs against finding the requested award reasonable.

### Preclusion of Other Employment by the Attorney Due to Acceptance of the Case

Counsel contends that he could not work on other cases because Plaintiff's counsel spent 18.3 hours litigating this matter. ECF No. 11-1 at 18. As stated before, the Court finds this contention to be an overstatement of the time needed to be spent on this case; therefore, this contention does not provide a fair assessment of the time not spent on other cases. Accordingly, the Court finds this factor weighs against finding the requested award reasonable.

### Customary Fee

This factor was discussed above in the lodestar analysis. The Court's findings above apply equally here. Thus, this factor weighs against a finding the requested award reasonable.

///
///
///

### Fixed or Contingent Fee

Counsel correctly points out that an award of fees are mandatory under the FDCPA to incentivize private attorneys to pursue otherwise relatively small claims. *See* ECF No. 11-1 at 18-20. As such this factor weighs favor of finding the requested award reasonable.

### Time Limitation Imposed by the Client or Circumstances

Counsel asserts that he was forced to review both Defendant's Rule 68 Offer of Judgment and Motion to Dismiss on an expedited basis because they were concurrently filed. ECF No. 11-1 at 20. The Court disagrees. Under the 28-day briefing schedule set for Defendant's motion to dismiss, Plaintiff had until February 26, 2018 to respond to the motion. Although Defendant both filed its Rule 12(b)(1) motion and extended its Rule 68 offer on February 5, 2018, the Court finds that Plaintiff's counsel would not have been pressured into reviewing the motion to dismiss until after he communicated the Rule 68 offer to Plaintiff and assessed the likelihood of Plaintiff accepting or rejecting the offer. That assessment could have been made before Plaintiff's counsel reviewed Defendant's motion. As such, the Court further finds that this factor weighs against a finding that the requested award is reasonable.

### The Amount Involved and the Results Obtained

Here, Plaintiff was awarded a judgment for more than the maximum possible recovery, which weighs in favor of finding the requested award reasonable. The Court however notes that counsel has not provided evidence to show his efforts in negotiating the Rule 68 offer.

### The Experience, Reputation, and Ability of the Attorneys

The declarations supporting counsel's reasonable hourly rate demonstrate that counsel possesses the experience and ability to competently handle this case. Thus, this factor weighs in favor of finding the requested award reasonable.

### Undesirability of the Case

FDCPA cases keenly qualify as undesirable for purposes of evaluating the *Kerr* factors. Hence, Congress' forethought to make an award of fees mandatory in FDCPA

cases. Understandably, this factor weighs in favor of finding the requested award reasonable.

### The Nature and Length of the Professional Relationship with the Client

The litigation concluded in under two (2) months. As such, the nature and length of the professional relationship with Plaintiff was not significant. The Court finds that this does not discourage early settlement as counsel has failed to provide evidence of a substantive professional relationship with Plaintiff during the litigation. Therefore, this factor weighs against a finding for the requested attorney's fees.

### Awards in Similar Cases

Counsel relies on *Citivello v. First Credit of America, LLC* for the proposition that an attorney's fee award can greatly exceed the actual damages recovered in an FDCPA case. 2007 U.S. Dist. LEXIS 46620 (N.D. Cal. 2007) (attorney awarded $98,924 in a FDCPA case where only $3,240.80 was recovered in damages). Plaintiff's reliance on *Citivello* is misplaced. Mainly, the defendant in *Citivello* did not make a Rule 68 offer of judgment. Moreover, none of the other non-binding case law Plaintiff cites persuades the Court that the requested attorney's fee award is reasonable. Consequently, this factor weighs against a finding for the requested attorney's fees.

On balance, the Court finds that evaluation of the *Kerr* factors reveals that Plaintiff's counsel's fee request was not reasonable. Thus, the Court reached a fair and reasonable amount based on the necessary tasked involved and the conduct of counsel and the parties throughout this litigation. With that in mind, the Court reduces the modified lodestar award amount considering the early offer and acceptance of the Rule 68 offer, the *Kerr* factors, and Plaintiff's counsel's request for costs of litigation expenses. Therefore, the Court finds that $4,290 is a reasonable award of attorney's fees, including litigation costs, based on the evidence before the court, the parties' conduct in this action, and the additional factors the Court may take account for when adjusting the lodestar amount.

///

///

III. **CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Counsel's motion for attorneys' fees and costs as follows:

- Defendant shall pay Counsel $4,290 for attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: November 9, 2018

Hon. M. James Lorenz
United States District Judge